FOREST LUMBER Co. *v.* LIGHTSEY.*

(Division B.  Nov. 10, 1924.)

[101 So. 689.  No. 24261.]

ELECTION OF REMEDIES. *Plaintiff cannot show on claimant's issue that title to property attached as owned by defendant was in fact owned by plaintiff.*

Where a person sued out an attachment against a named person on the theory that the named person was indebted to the plaintiff and that the property to be seized was the property of the defendant in attachment, and judgment is taken against such defendant, and the property attached condemned to be sold to pay

136 Miss.—40.

the debt, it is not permissible on a claimant's issue to show that the title to the property attached was in the plaintiff in attachment, and not in the defendant in attachment.

*Headnote 1.  Election of Remedies, 20 C. J., section 9.

APPEAL from circuit court of Jasper county, Second District.

HON. W. L. CRANFORD, Judge.

Attachment by W. H. Lightsey against W. F. Hutto, wherein the Forest Lumber Company filed claim. Judgment in justice court for plaintiff against defendant was rendered on his default, and the claim issue decided adversely to claimant. From a judgment on the claim issue in favor of plaintiff on appeal to the circuit court, claimant appeals. Reversed and rendered.

*Amis & Dunn,* for appellant.

We wish to call the court's attention to the fact that the case is purely one of a trial of the right of property as provided under chapter 144 of the Code of 1906. By section 163 of the Code of 1906, it is provided that all the provisions of law relating to third persons claiming property levied on under writs of *fieri fascias* shall apply to claimants of property levied on by virtue of writs of attachment. And the claimant in this case filed its affidavit and bond under and as provided by chapter 144 of the Code of 1906.

In order to determine whether or not the judgment of the court below was correct, we must first determine what are the issues in a trial of the right of property under this chapter of the Code and what the plaintiff in execution or attachment must prove. By section 4994 of the Code of 1906, it is provided that the burden of proof shall be upon the plaintiff in execution. *Irion* v. *Hume,* 50 Miss. 419; *Ross* v. *Garey,* 7 Howard, 47; *Thornhill* v. *Gilmer,* 4 S. & M. 153; *Trice* v. *Walker,* 71 Miss. 968; *Selser* v. *Ferriday,* 13 S. & M. 698; *Ott* v. *Smith,* 68 Miss. 773.

We then come to the question of what property is liable

to be seized under a writ of attachment.  The statute is very clear and conclusive upon this point.  Section 140 of the Code of 1906 (sec. 132, Hemingway's Code).  It therefore appears that in order for the property to be liable to be seized under a writ of attachment it must be the property of the defendant in attachment.  And this is the effect of the decisions of this court in an unbroken line.  *Irion* v. *Hume,* 50 Miss. 419; *Ross* v. *Garey,* 7 How. 47; *Thornhill* v. *Gilmer,* 4 S. & M. 153.

But, it was argued in the court below, and we presume will be argued in this court, that Lightsey had either a purchase money lien upon the logs or that he had retained title thereto as a security for the purchase money.  Counsel for appellee when confronted in the court below with the proposition hereinbefore argued took refuge in these last two propositions.  As an answer to both of these we say that the appellee started this law suit and had an election of his remedies.  He might have taken the position that he had retained title to the logs and have brought an action of replevin.  But he did not do this.  Instead of contending that title was still in himself, he elected to treat the sale from himself to Hutto as vesting title in Hutto and attached the property as the property of Hutto.  Under the most elementary principles of the election of remedies these are two inconsistent positions and having taken one position he will be bound by it.  15 Cyc. 257 and 259.

NOTE:  No brief filed for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, Lightsey, was plaintiff in the court below, and sued out an attachment before a justice of the peace against one W. F. Hutto, alleging in the affidavit that Hutto is justly indebted to him in the sum of one hundred eighty-five dollars and twenty-four cents, and

that the "said Hutto has property rights in action which he has converted, or is about to convert his property into money or evidence of debt, with intent to place it beyond the reach of his creditors," and prayed for the issuance of an attachment. Bond being given, attachment was accordingly issued, and certain logs were seized as being the property of Hutto, and a copy of the summons delivered to the said Hutto. The plaintiff also filed an itemized sworn statement, showing logs sold by the plaintiff to Hutto. The Forest Lumber Compay filed a claimant's affidavit, in which it alleged that the property seized was its property, and not the property of Hutto, and gave a claimant's bond in the sum of four hundred dollars for the forthcoming of the property. A default judgment was taken against Hutto for the sum of one hundred eighty-five dollars and twenty-four cents and costs, and the property condemned to be sold to pay the said judgment. Thereupon the claimant's issue was tried by the justice of the peace and decided adversely to the claimant, the appellant here. An appeal was taken to the circuit court, where a judgment was rendered against the claimant on the claimant's issue, and in favor of the plaintiff.

On the trial in the circuit court, without any amendment being made, the plaintiff was permitted to prove, over the objection of the claimant, that the logs were sold to Hutto verbally, and title to the logs was reserved to the seller, the plaintiff, until fully paid for. As stated, there was no effort to change the proceeding from attachment to replevin, if it were permissible to make such amendment, which we do not now decide. The plaintiff having elected to proceed on the theory that the defendant, Hutto, was a debtor of the plaintiff, and that Hutto was the owner of the property attached, and having taken a judgment against Hutto for the purchase price of the logs, it is bound by such election, and could not proceed against Hutto, and take judgment against him under such theory, and then shift its case when the claimant's issue was reached, so as to set up an entirely different theory.

A rule regarding the election of remedies may be stated as follows.

"In order that election must be made, the party must have at his command different coexisting remedial rights, which are inconsistent, and not analogous, consistent, and concurrent."  15 Cyc. 257.

"All actions which proceed upon the theory that the title to property remains in plaintiff are naturally inconsistent with those which proceed upon the theory that title has passed to the defendant."  15 Cyc. 257, 258.

The judgment of the court below will therefore be reversed, and judgment rendered here for appellant.

*Reversed, and judgment here for appellant.*